LEGION INSURANCE COMPANY, Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY, a foreign corporation, a/s/o Sammie Thurman Anthony, and Geneva Anthony, Sammie Thurman Anthony, individually, Geneva Anthony, individually, Charles Astor, Mojac Enterprises, Inc., Rose Industries, Inc., Elan Services, Inc. d/b/a Elan, Inc., and Craig Industries.

No. Civ.A 99–356–GMS.

United States District Court, D. Delaware.

Feb. 25, 2002.

Allan Wendelburg, Wilmington, DE, for Plaintiff.

Edward T. Cionte, Cionte Roseman & Wasserman, Richard W. Pell, Tybout, Redfearn & Pell, Jeffrey S. Friedman, Silverman & McDonald, Beverly L. Bove, Wilmington, DE, for Defendant.

### ORDER

SLEET, District Judge.

On February 6, 2002, the court issued an order directing the plaintiff, Legion Insurance Company ("Legion"), to show cause as to why its Motion for Default Judgment should not be denied and the case closed for failure to prosecute. The deadline for Legion to show cause was February 21, 2002. To date, Legion has not responded or otherwise contacted the court. Therefore, the court will dismiss the complaint.

Although the sanction of dismissal is a drastic one, it is appropriate when a litigant acts in "flagrant bad faith" or with "callous disregard" of the court's orders. *See Harris v. City of Philadelphia,* 47 F.3d 1311, 1330 n. 18 (3d Cir.1995). The court may also impose this sanction under its inherent power "to prevent undue delays in the disposition of pending cases and to avoid congestion in [its] calendar[.]" *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

The court believes that Legion has shown "callous disregard" for the court's orders. Indeed, the February 6, 2002, order to show cause was the second time the court has asked Legion to notify it of the status of this case. On July 6, 2001, the court wrote a letter to Legion inquiring as to the status of the remaining defendants. (D.I. 37.) Legion failed to respond to the letter. Now, Legion has failed to respond to February 6, 2002, order to show cause. The fact that Legion has twice failed to respond to the reasonable requests of the court in a timely fashion shows a pattern of callous disregard.

Additionally, Legion's delay in responding is creating congestion in the court's calendar. The court issued its first request for information on July 6, 2001. Six months later, on February 6, 2001, the court issued an order to show cause. Thus, this case has clogged the court's docket for over six months while the court has awaited a response from the plaintiff.

Legion has shown "callous disregard" for the inquiries of the court and is unnecessarily congesting the court's calendar. Thus, the court finds itself with no other choice than to bring to an end a matter that Legion appears unwilling to prosecute.

For these reasons, IT IS HEREBY ORDERED that:

1. Legion's Motion for Default against defendants Charles Astor, Mojac Enterprises, Elan Services/Elan, Inc., and Craig Industries (D.I. 24) is DISMISSED pursuant to Local Rule 41.1.

2. The Clerk of the Court shall close this case.